1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Leah Anne McCormack, | No. CV-20-00651-PHX-DJH |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Leah Anne McCormack's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration (SSA) under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 15)[1]. Defendant SSA filed an Answering Brief (Doc. 16) and Plaintiff filed a Reply (Doc. 17). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 14), and it affirms the Administrative Law Judge's ("ALJ") decision (AR at 10–33).

**I.  Background**

Plaintiff filed an Application for SSDI benefits on March 11, 2016, alleging a

---

[1] Plaintiff's Opening Brief contains copious use of footnotes, a systemic problem of briefs filed in these matters. If the content contained in the footnotes was placed in the body of the document, Plaintiff's briefs would far exceed the page limit. The Court finds grounds to strike the Opening Brief and the Reply because of the relative number and length of footnotes, but will not do so here. Counsel is cautioned on continuing this practice in the future. *See Kano v. Nat'l Consumer Coop. Bank,* 22 F.3d 899 (9th Cir.1994) (imposing sanctions on a party who violated briefing rules through improper line spacing and excessive footnotes).

disability beginning on October 1, 2014.[2] (AR at 13). Plaintiff's claim was initially denied on August 15, 2016, and upon reconsideration on December 15, 2016. (*Id.*) A hearing was held before ALJ Kathleen Mucerino on January 8, 2019. (*Id.* at 54-67). Plaintiff was 65 years old at the time of the hearing and held previous employment as a medical technologist teaching supervisor, earning a peak yearly income of $175,000.00. (*Id.*) After the hearing, Plaintiff's claim was denied by the ALJ on April 15, 2019. (*Id.* at 10-33). On January 31, 2020, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (*Id.* at 1–6).

Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: cervical and lumbar degenerative disc disease, osteoarthritis, and bilateral rotator cuff tear. (*Id.* at 17). The ALJ determined Plaintiff could meet the demands of light work as defined in agency regulations, which require a worker to be on her feet six hours out of an eight-hour day and lift up to 20 pounds throughout an eight-hour day. The ALJ concluded that Plaintiff could return to work as a medical technologist teaching supervisor, based on the evidence of record and the agency guidelines. Therefore, Plaintiff's claim for SSDI benefits was denied. The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties.

**II.  Legal Standards**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the

---

[2] Plaintiff previously filed an Application for SSDI benefits that was denied on September 8, 2014, in a decision by ALJ Sheldon P. Zisook. (AR at 68-90). Plaintiff acknowledges that the previous unfavorable ALJ decision creates a rebuttable presumption that she is not disabled. (Doc. 15 at 2).

Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III. Analysis**

Plaintiff raises two issues on appeal. (Doc. 15 at 1). First, Plaintiff argues the ALJ erred by rejecting opinions from Plaintiff's treating physician, Dr. Bilal Shanti, MD, and instead giving great weight to the opinion of Dr. Harvey Alpern, MD, and other non-treating physicians. Second, Plaintiff argues the ALJ erred by rejecting her symptom testimony without a legitimate basis for doing so. Plaintiff contends her case should be remanded for computation and award of benefits. *Id.*

### A. The ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting opinions from Plaintiff's treating physician.

Plaintiff's treating pain management physician, Dr. Shanti, provided an opinion as to the functional limitations of Plaintiff based on her disability. (AR at 25). Dr. Shanti opined that Plaintiff could sit, stand, or walk for only 15 minutes at a time for a total of two hours or less. (*Id.* at 754-56). Dr. Shanti also opined that Plaintiff could occasionally lift and carry up to 20 pounds, and could occasionally stoop, squat, and reach. The ALJ gave little weight to the opinion that Plaintiff could only sit, stand, or walk for less than 15 minutes, finding that it conflicted with the medical evidence of record, and listing a number of portions of the medical record for support. The ALJ gave great weight to portions of the opinions from state agency reviewers, and found that Plaintiff would have been able to meet the exertional demands of light work. (*Id*. at 24). The ALJ also gave great weight to portions of Dr. Alpern's opinions that Plaintiff would have been able to perform light work. (*Id.*) Plaintiff argues that the ALJ did not give legitimate reasons to discount the opinions Dr. Shanti. (Doc. 15 at 13).

When evaluating medical opinion evidence, "[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Although greater weight is generally afforded to treating physicians, a "treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Rodriguez v. Bowen*, 876 F.2d 759, 761–62 & n. 7 (9th Cir. 1989). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating

physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751.

Here, the ALJ found that Dr. Shanti's opinion that Plaintiff could only sit, stand, or walk for 15 minutes at a time for a total of two hours or less in any given workday conflicted with the overall medical evidence and opinions of non-examining physicians Dr. Griffith, Dr. Blanco, and Dr. Alpern. (AR at 25). After reviewing the medical evidence, the non-treating physicians opined that Plaintiff could perform light work. (*Id.*) In considering the opinions of the non-treating physicians, and after a review of the medical evidence, the ALJ found that these opinions were consistent with the overall record. The ALJ noted that Plaintiff's gait was normal, and while she noted pain in her right shoulder, her range of motion was normal and she did not experience tenderness to palpitation. (AR at 25) (citing AR at 321-42; 345-402; 431-63; 464-85; 501-67; 601-66). Moreover, some of the normal objective findings cited by the ALJ came from Dr. Shanti's own treatment notes of Plaintiff. (AR at 431-63). Based on the medical evidence cited above, the ALJ found that Plaintiff's residual functional capacity was supported by her treatment records, and therefore, the ALJ found Plaintiff had the ability to perform light work. (*Id*. at 27). The Court finds that the ALJ provided specific and legitimate reasons based on substantial evidence in the record to give little weight to portions of Dr. Shanti's opinions.[3]

Plaintiff also takes issue with the ALJ's use of the phrase "the undersigned finds," arguing that the ALJ "arrived at her own conclusions" about Plaintiff's ability to perform light work without considering the medical evidence. (Doc. 17 at 6-7). Plaintiff argues that the use of the above phrase indicates that the ALJ inserted her own opinions into the ruling. *Id.* For instance, Plaintiff argues that the following statement from the ALJ is

---

[3] The Court notes that the ALJ did not completely discount Dr. Shanti's opinions as Plaintiff argues in her brief. The ALJ found that Dr. Shanti's opinions as to Plaintiff's ability to stoop and occasionally lift up to 20 pounds was supported by the medical evidence. (AR at 25).

problematic: "After careful consideration of the entire record, *the undersigned finds* that the claimant had the residual functional capacity to perform light work." *Id.* (emphasis in original). The Court suspects that this is simply the ALJ's way of concluding this particular section and nothing more. Plaintiff has not established that the ALJ's use of the phrase "the undersigned finds" demonstrates reversible error.

### B. The ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.

Plaintiff argues that the ALJ did not give legitimate and convincing reasons supported by substantial evidence for discounting her subjective symptom testimony. (Doc. 15 at 20). Defendant argues that the ALJ properly examined the medical evidence to determine that the record did not support Plaintiff's testimony as to the severity of her symptoms. (Doc. 16 at 17).

An ALJ must evaluate whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal citations omitted)). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). However, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains her decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015).

Here, the ALJ initially found that Plaintiff's medically determinable impairments—cervical and lumbar degenerative disc disease, osteoarthritis, and bilateral rotator cuff tear—could reasonably be expected to cause her alleged symptoms. (AR at 23). However, the ALJ found that Plaintiff's symptom testimony as to the severe intensity, persistence and limiting effects of her alleged symptoms was not supported by the objective medical

evidence of record. (*Id.*) The ALJ cited to over a dozen instances in the medical record indicating that Plaintiff had a normal gait and muscle strength, full range of motion in her right shoulder, and lack of muscle atrophy. (*Id.*) Also noted were the numerous reports of Plaintiff's pain and function improving after taking prescribed medications, and Plaintiff's reports of improved range of motion and pain management after physical therapy sessions. Plaintiff also reported a subsiding in the numbness in her hands after physical therapy. (*Id.*) The ALJ discussed Plaintiff's ability to prepare meals and perform household chores, and Plaintiff noted that she took care of her pets, did the laundry and grocery shopping, and volunteered at the Red Cross weekly. (*Id.*) The Court finds that the ALJ properly limited Plaintiff's testimony of the severity of her symptoms by providing specific, clear, and convincing support in the medical record to do so. *See Brown-Hunter*, 806 F.3d at 488–89. The objective record supports the ALJ's findings. Therefore, the Court will affirm the ALJ's decision.

**IV. Conclusion**

The Court finds that substantial evidence supports the ALJ's nondisability determination. The ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting Plaintiff's treating physician's opinions and correctly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the ALJ is **affirmed**. The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 2nd day of July, 2021.

Honorable Diane J. Humetewa
United States District Judge